**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**UNITED STATES OF AMERICA**

**VERSUS**                                                                               **CRIMINAL ACTION 1:05CR17-P-D**

**JULIAN MINGO**

### ORDER

This cause is before the Court on the defendant's Motion to Suppress Illegal Search [16-1], Motion to Suppress Illegally Obtained Tangible Evidence [17-1], Motion to Suppress Statement [18-1] and Motion to Suppress Taped Statement [19-1]. The Court, having reviewed the motions, the responses, and being otherwise fully advised in the premises, finds as follows, to-wit:

That the motions are not well-taken and should be denied. In the first instance, each of the above motions is devoid of any specific factual allegations from which the Court might adjudge the need for a suppression hearing or determine the merits of said motions:

> Factual allegations set forth in the defendant's motion . . . must be "'sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented.'" General or conclusionary assertions, founded upon mere suspicion or conjecture, will not suffice.

United States v. Harrelson, 705 F.2d 733, 737 (5th Cir. 1983) (citations omitted).

As a further matter, the search and the tangible evidence obtained therefrom were the result of defendant's consent to search. Similarly, the statements Mingo hopes to suppress were taken by law enforcement officers after being advised of–and agreeing to the waiver of–his constitutional rights. The defendant has shown no basis to suppress evidence pertaining to the search, items seized pursuant to the search or any voluntary statements he made to law enforcements.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion to Suppress Illegal Search [16-1], Motion to Suppress Illegally Obtained Tangible Evidence [17-1], Motion to Suppress Statement [18-1], and Motion to Suppress Taped Statement [19-1] are not well-taken and should be, and hereby are, DENIED.

SO ORDERED, this the 30th day of June, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE