**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**


**UNITED STATES OF AMERICA**


**VERSUS**                                              **CRIMINAL ACTION 1:05CR17-P-D**


**JULIAN MINGO**


<u>**ORDER**</u>

This cause is before the Court on the defendant's Motion to Dismiss Indictment [14-1] and his related Motion to Dismiss Indictment for Lack of Specificity [20-1]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

That the motions are not well-taken and should be denied.

The indictment complies with the requirement of Rule 7(c), Federal Rules of Criminal Procedure in that it contains a "plain, concise, and definite written statement of the essential facts constituting the offense charged." The indictment charges defendant with knowingly possessing a movie of a minor which contains images of child pornography. The indictment further charges that the offense occurred on or about October 20, 2004–the date of the consent search. Defendant is aware of the item of child pornography he allegedly possessed; he is aware of his mental state as alleged by the government. The indictment reveals the time and place of the alleged offenses. The indictment is fact specific and more than adequately informs the defendant of the crime with which he is charged.

The defendant's attack on the evidence supporting the indictment is likewise without merit.

The indictment is based on evidence that the defendant possessed a movie of a minor masturbating; the evidence in question was obtained during a consent search of defendant's residence. "A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits." <u>United States v. Mann</u>, 517 F.2d 259, 267 (5th Cir. 1975), <u>cert. denied</u>, 423 U.S. 1087 (1976).

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion to Dismiss Indictment [14-1] and his related Motion to Dismiss Indictment for Lack of Specificity [20-1] are not well-taken and should be, and hereby are, DENIED.

SO ORDERED, this the 30th day of June, 2005.

<u>/s/ W. Allen Pepper, Jr.</u>
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE